1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RICHARD GEORGE,

               Plaintiff,

     v.

UNITED STATES,

               Defendant.

Case No.   5:21-cv-01187-EJD

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 23

Plaintiff Richard George seeks a refund of taxes paid, allegedly in connection with the sale of real property, as well as declaratory relief that would (1) preclude the Internal Revenue Services ("IRS") from assessing penalties and (2) a determination that the Sixteenth Amendment, which gives Congress the power to lay and collect taxes on incomes, is unconstitutional.  *See* Complaint for Tax Refund and Injunctive and Declaratory Relief ("Compl.") ¶¶ 36–51, Dkt. No. 1.  In support of his claims, he alleges violations of Article I of the Constitution, the First Amendment, and the Fourteenth Amendment.  The United States moves to dismiss Plaintiff's complaint, arguing that his claims have been rejected by courts around the country, including the Ninth Circuit.  *See* United States' Motion to Dismiss ("Mot"), Dkt. No. 23.  On September 14, 2021, Plaintiff filed an opposition to the United States' motion to dismiss, to which the United States filed a reply.  *See* Plaintiff's Opposition to Defendant's Motion to Dismiss ("Opp."), Dkt. No. 30; United States' Reply to Plaintiff's Opposition to the United States' Motion to Dismiss ("Reply"), Dkt. No. 31.  Having considered the Parties' papers, the Court **GRANTS** the motion to dismiss.

1

United States District Court
Northern District of California

## I.      BACKGROUND

In October 2019, Plaintiff filed his 2018 federal tax return.  Compl. ¶ 2.  Plaintiff alleges that the amount due on his return, $127,333.00, which was calculated by his tax return preparer, was "based primarily" on gains realized from the sale of real property.  Compl. ¶ 2.  Plaintiff alleges that he paid the taxes due and then filed a claim for refund with the IRS.  Compl. ¶ 3.

In support of his claim for a refund at the administrative level, Plaintiff asserts that he is immune from the purported taxes owed under his "Fourteenth Amendment Immunity Argument." Compl. ¶¶ 3–4.  Importantly, Plaintiff does not argue that he is owed a refund because of a clerical or mathematical error, but instead argues that he is owed a refund based on alleged constitutional violations related to the assessment of taxes based on the sale of real property.  *See* Compl. ¶¶ 6, 26–27, 48–51.  On or about January 14, 2021, the IRS denied Plaintiff's claim for a refund as frivolous.  Compl. ¶ 5.  Plaintiff then filed this suit seeking a refund of $127,333.00 in taxes paid on 2018, as well as declaratory and injunctive relief challenging the constitutionality of the Sixteenth Amendment.

## II.     LEGAL STANDARD

Dismissal is proper under Federal Rule of Civil Procedure 12(b)(6) if there is "no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory."  *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citations omitted).  To survive a motion to dismiss, a complaint must "contain sufficient factual matter to state a facially plausible claim to relief."  *Id.*  On a motion to dismiss, the Court presumes that the well-pleaded facts alleged in the complaint are true and construes them in the light most favorable to the non-moving party.  *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).  To be presumed true, the factual allegations in the complaint may not "simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  However, legal conclusions couched as factual allegations do not bind the Court.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Case No.: 5:21-cv-01187-EJD
ORDER GRANTING MOTION TO DISMISS

1   **III.   DISCUSSION**

2         **1.   Refund Claim**

3         Plaintiff has failed to plead a cognizable legal theory regarding the payment of his 2018

4   federal taxes.  Specifically, Plaintiff argues that the Sixteenth Amendment is unconstitutional

5   because it (1) violates the Fourteenth Amendment's Privileges and Immunities Clause thereby

6   violating his due process rights (Count II); (2) was illegally enacted by Congress (Count V); and

7   (3) violates Article I by imposing an unapportioned direct tax on taxpayers (Counts I and IV).

8   Compl. ¶¶ 21–22, 25, 26–41, 45–51.  These arguments have been repeatedly rejected by courts,

9   including the Ninth Circuit.  *See United States v. Stahl*, 792 F.2d 1438, 1439 (9th Cir. 1986)

10  (finding that the Sixteenth Amendment was properly ratified and is conclusive upon the Courts);

11  *In re Becraft*, 885 F.2d 547, 548 (9th Cir. 1989) (holding that arguments made against the

12  Sixteenth Amendment's authorization of non-apportioned taxes are frivolous); *Lovell v. United*

13  *States*, 755 F.2d 517, 519 (7th Cir. 1984) (holding that the Constitution does not prohibit imposing

14  a direct tax without apportionment).  Because the Sixteenth Amendment is constitutional,

15  Plaintiff's arguments fail.  *See, e.g.*, *Wilcox v. Comm'r of Internal Revenue*, 848 F.2d 1007, 1009

16  n.3 (9th Cir. 1988) (collecting cases) (rejecting Petitioner's argument that direct and

17  unapportioned taxes violate Article I and noting that the Sixteenth Amendment authorizes the

18  taxes).

19         Plaintiff's Fourteenth Amendment arguments also fail because the Fourteenth Amendment

20  does not apply to claims against the federal government.  *See S.F. Arts & Athletics, Inc. v. U.S.*

21  *Olympic Comm.*, 483 U.S. 522, 542 n.21 (1987) ("The Fourteenth Amendment applies to actions

22  by a State.  The claimed association in this case is . . . the Federal Government.  Therefore, the

23  Fourteenth Amendment does not apply.").  To the extent Plaintiff's Fourteenth Amendment

24  arguments can be read as raising a Fifth Amendment due process challenge, the arguments still

25  fail.  Constitutional due process requires only that a person receive an opportunity to be heard

26  before an impartial trier of fact.  *See Goss v. Lopez*, 419 U.S. 565, 579 (1975).  The refund remedy

27  provided by 26 U.S.C. § 7422 satisfies this standard.  *See Phillips et al. v. Comm'r*, 283 U.S. 589,

28  Case No.: 5:21-cv-01187-EJD

1   596–600 (1931).

2       Finally, Plaintiff has not pled any facts or attached any documents that would support his

3   claim for a refund.  Tax refund suits are reviewed *de novo* and the taxpayer bears the burden of

4   establishing his claim that his taxes were overpaid.  *See Lovelace v. United States*, 1991 WL

5   275375, at *1 (9th Cir. 1991) (dismissing suit where taxpayer failed to challenge the merits of the

6   IRS's assessment and instead attacked statutory issues governing the IRS's administrative

7   procedure).  Plaintiff has not provided a basis for such a finding.

8       For these reasons, the Court **GRANTS** the United States's motion to dismiss Plaintiff's

9   refund claims.

10                  **2.  Injunctive and Declaratory Relief**

11      Plaintiff also seeks a variety of injunctive and declaratory relief, arguing that the United

12  States should not be permitted to assess 26 U.S.C. § 6702 penalties against him for filing frivolous

13  tax submissions.  *See* Compl. ¶ 5 and Prayer for Relief.  He argues the specter of these penalties

14  violates his First Amendment right to petition the government.  *See id.*, Count III.  However,

15  because Plaintiff's claim seeks to enjoin the assessment and collection of tax, the Anti-Injunction

16  Act ("AIA"), 26 U.S.C. § 7421(a), and the Declaratory Judgment Act ("DJA"), 28 U.S.C.

17  § 2201(a), deprive this Court of subject matter jurisdiction.

18      Under Federal Rule of Civil Procedure 12(b)(1), a suit should be dismissed if the Court

19  lacks subject matter jurisdiction to adjudicate it.  In a factual challenge, as in this case, subject

20  matter is challenged as a matter of law and the Court must take the allegations in the complaint as

21  true.  *See Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005).

22      The AIA provides that "no suit for the purpose of restraining the assessment or collection

23  of any tax shall be maintained in any court by any person, whether or not such person is the person

24  against whom such tax was assessed."  26 U.S.C. § 7421.  The DJA is coextensive with the AIA—

25  if a suit is not allowed under the AIA, it is barred by the DJA.  *See Perlowin v. Sassi*, 711 F.2d

26  910, 911 (9th Cir. 1983) (per curiam).  The AIA and DJA apply to bar suits seeking to restrain the

27  assessment or collection of penalties that are treated as a tax.  *See Nat'l Fed. of Independent*

28  Case No.: 5:21-cv-01187-EJD
    ORDER GRANTING MOTION TO DISMISS
                            4

United States District Court
Northern District of California

1     *Business v. Sebelius*, 567 U.S. 519, 544 (2012) ("Penalties in Subchapter 68B are thus treated as

2     taxes under Title 26, which includes the Anti-Injunction Act.").

3           Here, Plaintiff seeks to restrain the assessment of section 6702 penalties, which pursuant to

4     *Sebelius* are "taxes" contained in Subchapter 68B.  The AIA and DJA bar this suit.  No exception

5     to the AIA or DJA applies because Plaintiff would have an opportunity to bring a section 7422

6     refund suit (as he has done with respect to the underlying tax) if he (a) is ever assessed section

7     6702 penalties, (b) pays any assessed amounts, and (c) submits a refund claim to the IRS.  The

8     AIA and DJA thus apply to bar his injunctive and declaratory claims.

9     **IV.     CONCLUSION**

10          For these reasons, the Court **GRANTS** the United States' motion to dismiss.  Because the

11    court finds that amendment would be futile, it dismisses Plaintiff's refund claim **with prejudice**

12    and declines Plaintiff leave to amend his claims for injunctive and declaratory relief.  *See Lopez v.*

13    *Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (leave to amend not required where amendment would

14    be futile).  The Clerk shall close the file.

15          **IT IS SO ORDERED.**

16    Dated: February 24, 2022

17

18                                          

19                                  EDWARD J. DAVILA
United States District Judge

20

21

22

23

24

25

26

27

28    Case No.: 5:21-cv-01187-EJD
ORDER GRANTING MOTION TO DISMISS

United States District Court
Northern District of California